Smith, J.
This is a proceeding in error brought to reverse a judgment rendered in the probate court of this county in favor of Ellen Foley,one of the defendants in error,against plaintiff in error and the other defendant in error, Gus. Weisbrodt.
The record shows that Ellen Foley commenced an'action before a justice of the peace against Seibert and Weisbrodt to recover the amount claimed to be due to heron a several promissory note, executed by them to her. Weisbrodt made no defense, but Seibert filed an answer averring that he was only the surety on said note, as the plaintiff knew when she received it, and that after the'^maturity thereof, *449 a contract was entered into between the plaintiff and Weisbrodt, the principal debtor, and without the knowledge or consent of Seibert, whereby, for a good and valuable consideration, the time of the payment of said note was extended to a certain definite time, (naming it), and that thereby the said Seibert was discharged and released from the payment thereof. On the trial, the justice rendered a judgment against^Weisbrodt for the full amount claimed to be due plaintifif^on the notes, but rendered a judgment in favor of Seibert, dismissing the action as to him at the costs of the plaintiff.
Within ten days, the plaintiff executed an appeal bond, reciting that on May 31, 1894, she had®recovered a judgment against Gus. Weisbrodt on the docket of the justice of the peae for $133.00 and costs, and that she “intends to appeal therefrom to the court of common pleas of Butler county,” and otherwise the bond was in due form.
On the filing of the transcript of the justice and the other papers in the court of common pleas, the plaintiff in due time filed her petition against both defendants setting up her claim against them on the note. Weisbrodt again made default, but Seibert, on leave, again filed an answer setting up the same defensefthab¡he had interposed before the magistrate, and the^plaintiff filed a reply traversing the allegations of the answer. At this stage of the case, under the law applicable to this county, which allows cases appealed from justices of the peace, to the court of common pleas of this county, to be transferred to the probate court, such action was had, and the case was certified by the common pleas court to the"probate court.
After this was done, Seibert applied to the probate court for leave to withdraw the answer Sled by him, and to file a motion to dismiss the action as to him, on the ground that the plaintiff had not appealed the case as to the judgment rendered in his favor before the magistrate, and therefore *450 that there was no case pending in the probate court against him. Such leave was granted,and such a motion was filed.
Thereupon the plaintiff moved the court to allow her to file a new appeal bond, correcting the mistake in the old one if it was insufficient, or to allow her to file a written consent by the sureties on the undertaking, that the bond first given should also apply to an appeal of the case as against Seibert. This motion was sustained by the court, and such leave given, and a second undertaking was filed in court making the appeal apply to both defendants, and in addition to thiB a written consent of the sureties on the first undertaking, that such undertaking should also apply to an appeal of the case as'against Seibert, was also filed. The court then overruled the motion of Seibert to dismiss him from the case. To these rulings, Seibert excepted. Afterward the case was tried, and a verdict and judgment rendered against both defendants. This proceeding in error is brought to reverse the judgment as to Seibert, on the ground that the court erred in permitting the new undertaking to be filed, and in refusing to dismiss Seibert from the case.
The first question prosecuted is whether the court was justified in allowing th9 second undertaking to be filed, if there was a mistake or error in the first. It is claimed by the counsel for Mrs. Foley, that the court had such right under the provisions of section 6595, Revised Statutes, which provides, in cases of appeal from a justice to the court of common pleas that,“in proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be recorded in said court.”
A majority for the court is of the opinion that under the *451 provisions of this section, if the intention ' of the plaintiff was to appeal the whole case, by mistake,the bond as given did not purport to do'so, that it being insufficient in form to accomplish the purpose, that the court, into which by virtue of the provisions of the statute it had been certified, had full power to allow a new undertaking to be filed to correct this mistake and error in form, and that when it was done, the probate court having jurisdiction of the subject matter of the action and of the persons of both the defendants, the motion to dismiss Seibert from the case was properly overruled. In the first place, it must be conceded that it is the object and purpose of the codes of civil procedure, both in justices’ courts,and other courts of superior jurisdiction, to allow amendments of pleadings, process or proceedings to be made in furtherance of justice, and all technical mistakes to be thus corrected; and to accomplish this, very broad powers are conferred by the statutes, and it is a well settled principle that these remedial laws are to be interpreted with great liberality to this end.
It is apparent, we think, that it was the purpose and intent of the plaintiff below to appeal the case as to Seibert. She had recovered a judgment in the justice’s court against Weisbrodt for the full amount of her claim against him. Why should she have appealed the case as against him alone? It was right if she intended to appeal from the judgment in favor of Seibert, to appeal as against Weisbrodt also, that the case might properly be heard as against both in the appellate court — but there was a reason for the appeal of the case as to Seibert, and doubtless that is what she intended to do.
Nor is it entirely clear that the language of the appeal bond itself does not show that she did so. It recites that she had recovered a judgment against Weisbrodt, and that she intends to appeal therefrom — tnat is,to appeal from the judgment which had been rendered: and as this judgment *452 was one against her, so far as Seibert was concerned, and against the other defendant, it would not be stfaining the language greatly to hold that the notice of appeal was given as to the whole judgment.
Section 5238, Revised Statutes, as to appeals from the court of common pleas to the circuit court, is almost identical in its language as to the amendment or renewal of undertakings given to appeal cases to the circuit court. In the case of Watts v. Sheweíl et al., 31 Ohio St. ,331,it was held that where several judgments are rendered in the court of common pleas against a party who gives general notice of his intention to appeal, and afterwards by mistake executes an appeal bond reciting only one of the judgments, an amendment of the bond may be allowed in the district court, so as to embrace the several judgments. Citing as authority 6 Ohio St., 81; 28 Ohio St., 90, and 31 Ohio St., 131. In a justice’s court no notice of appeal is necessary — the filing of the appeal bond is sufficient, and as the evident purj ose of Mrs. Foley was to appeal from the judgment against her, the case cited shows that in such case the bond, being insufficient in form, might properly be corrected as was done. The judgment of the probate court will therefore be affirmed.